**FILED**
SEP 2 7 2007
SEP 27 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | )<br>)<br>) |
| Plaintiff, | ) 07cv5457<br>) JUDGE KENDALL<br>) MAG. JUDGE SCHENKIER |
| v. | )<br>) |
| | ) C O M P L A I N T |
| **CAST PRODUCTS, INC** | )<br>) JURY TRIAL DEMAND |
| Defendant. | )<br>) |

## NATURE OF THE ACTION

This is an action against Cast Products, Inc. ("Cast Products" or "Defendant") under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Efrain Ortega. Plaintiff, Equal Employment Opportunity Commission, alleges that Cast Products failed to provide Ortega with a reasonable accommodation and terminated him because of his disability, diabetes.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e-5(f) (1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the Northern District of Illinois.

1

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been and is now a corporation doing business in the State of Illinois and has continuously had and does now have at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

7. At all relevant times, Efrain Ortega was a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. §12111(8).

## STATEMENT OF CLAIMS

8. More than thirty (30) days prior to the institution of this lawsuit, Ortega filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. In 2005 and 2006 Defendant engaged in an unlawful employment practice at its facility in Norridge Illinois in violation of Title I of the ADA, 42 U.S.C. §12112(a) and (b)(2)(b)(5)(A), by failing to provide Ortega a reasonable accommodation for his disability.

10. The effect of the practices complained of above has been to deprive Ortega of equal

employment opportunities and otherwise adversely affect his status as an employee because of his status as a disabled person in violation of Title I of the ADA, 42 U.S.C. §12112.

11. The unlawful employment practices complained of above in Paragraphs 9 and 10 above were intentional.

12. On or about March 8, 2006 Defendant engaged in an unlawful employment practice at its facility in Norridge Illinois, in violation of Title I of the ADA, 42 U.S.C. §12112(a) and (b) (1), by terminating Ortega because of his disability.

13. The effect of the practice complained of above has been to deprive Ortega of equal employment opportunities and otherwise adversely affect his status as an employee because of his status as a disabled person in violation of Title I of the ADA, 42 U.S.C. §12112.

14. The unlawful employment practices complained of above in Paragraphs 12 and 13 above were intentional.

15. The unlawful employment practices complained of above in Paragraphs 9, 10, 12 and 13 were done with malice and/or reckless indifference to the federally protected rights of Ortega.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability;

B. Order Defendant to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole Ortega by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including an order that he be reinstated to

3

his former position;

D. Order Defendant to make whole Ortega by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 9, 10, 12 and 13 above;

E. Order Defendant to make whole Ortega by providing compensation for past and future non pecuniary losses resulting from the unlawful employment practices described in paragraphs 9, 10, 12 and 13 above, including but not limited to, emotional pain, suffering, loss of enjoyment of life and humiliation, in an amount to be determined at trial;

F. Order Defendant to pay Ortega punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper; and

H. Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

RONALD COOPER
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

John C. Hendrickson
Regional Attorney

Gregory Gochanour
Supervisory Attorney

Gordon Waldron
Senior Trial Attorney
Equal Employment Opportunity Commission
Chicago Area Office
500 West Madison St. # 2800
Chicago, Illinois 60661
(312) 353-7525

5